# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| MTGLQ INVESTORS, LP. § | |
| § | Civil Action No. 4:18-CV-871 |
| v. § | (Judge Mazzant/Judge Nowak) |
| § | |
| JANINE CHARBONEAU, ET AL. § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On July 18, 2019, the report of the Magistrate Judge (Dkt. #29) was entered containing proposed findings of fact and recommendations that Plaintiff MTGLQ Investors, LP's Motion to Remand (Dkt. #21) be granted. Having received the report of the Magistrate Judge, having considered Defendant Charboneau's Motion to Strike (Dkt. #33), Defendant Charboneau's Objections (Dkts. #35; #39), Plaintiff's Responses (Dkts. #37; #38; #40), Defendant Charboneau's Reply (Dkt. #43), and having conducted a de novo review, the Court is of the opinion that the Magistrate Judge's report should be adopted and the Motion to Strike be denied.

## RELEVANT BACKGROUND

Plaintiff MTGLQ Investors, LP initiated a foreclosure proceeding against Defendant Charboneau and another defendant in the 416th Judicial District Court of Collin County, Texas (Dkt. #1 at pp. 1–2). Defendant Charboneau removed the state foreclosure proceedings to this Court and thereafter proceeded to request a myriad of extensions to establish the existence of diversity jurisdiction (Dkts. #2; #4; #7; #17; #23; #25; #26; #32). This is not Defendant Charboneau's first attempt to halt or otherwise stop a state foreclosure proceeding. In the Eastern District of Texas alone, Defendant has filed at least four separate suits in the last 5 years (Dkt. #21

at pp. 2–3).[1] After providing Defendant Charboneau with multiple opportunities to provide support for her claim that diversity jurisdiction exists, on July 18, 2019, the Magistrate Judge recommended granting Plaintiff's Motion to Remand (Dkt. #29). Almost thirty days later, on August 15, 2019, Defendant Charboneau filed a Motion to Strike the Motion to Remand on the basis that it contains "scandalous material" (Dkt. #33). On August 21, 2019 and August 26, 2019, respectively, Defendant Charboneau further filed her "Brief[s] on Diversity Jurisdiction", which the Court construes as objections to the Magistrate Judge's report (Dkts. #35; #39). In each of Defendant Charboneau's filings, she asserts diversity jurisdiction exists. Plaintiff has filed responses to each of Defendant Charboneau's Motion to Strike and her Objections (Dkts. #37; #38; #40). Defendant Charboneau has further filed a Reply (Dkt. #43). The Court has considered these, as well as all other relevant filings, in its de novo review.

## OBJECTION TO REPORT AND RECOMMENDATION

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo review of those findings or recommendations to which the party specifically objects 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2)-(3).

As an initial matter, Defendant Charboneau failed to timely file her Motion to Strike or Objections. As such, the Court notes that it is not bound to consider her arguments. *Madenwald v. JPMorgan Chase Bank, N.A.*, 4:13-CV-136, 2014 WL 12576776, at *1 (E.D. Tex. July 18, 2014) ("The objections were filed late and will not be considered by the court."); *Chao v. Dars of Texas*,

---

[1] *Janine Charboneau v. Mortgage Electronic Registration*, No. 4:14-cv-00808, in the United States District Court for the Eastern District of Texas, Sherman Division; *Janine Charboneau v. Mortgage Electronic Registration*, No. 4:17-cv-00142, in the United States District Court for the Eastern District of Texas, Sherman Division; *Janine Charboneau v. Mortgage Electronic Registration*, No. 4:17-cv-00758, in the United States District Court for the Eastern District of Texas, Sherman Division; *Janine Charboneau v. Mortgage Electronic Registration*, No. 4:18-cv-00794, in the United States District Court for the Eastern District of Texas, Sherman Division; *Charboneau v. Evergreen Home Loans, et al*, No. 4:18-cv-00863-ALM-CAN, in the United States District Court for the Eastern District of Texas, Sherman Division.

4:15-CV-169, 2015 WL 6522818, at *1 (E.D. Tex. Oct. 27, 2015) ("Because the objections were received after [the deadline to object], [p]laintiff is barred from *de novo* review by the Court."); *Penley v. Sandoval*, CIV.A. 4:04CV24, 2005 WL 3970822, at *2 (E.D. Tex. Mar. 8, 2005), *aff'd sub nom. Penley v. Collin County, Tex.*, 446 F.3d 572 (5th Cir. 2006); 28 U.S.C. § 636(b)(1); and Fed. R. Civ. P. 72(b). For this reason alone, Defendant's Motion to Strike is denied and each of her Objections are overruled; moreover, even considering the pleadings as timely-filed, the Court finds Defendant Charboneau's arguments without merit, as discussed further *infra*.

The report recommended remand and specifically found that the Court lacked both diversity and federal question jurisdiction (Dkt. #29). Defendant Charboneau's Objections focus on the report's findings concerning diversity jurisdiction, insisting complete diversity does exist (Dkts. #33; #35; #39). Plaintiff rejoins that Defendant's filings are nothing more than "copied and pasted text from the Wikipedia entries on 'diversity jurisdiction'" and wholly ignore the fact that removal is improper because Defendant Charboneau is a forum defendant (Dkt. #38 at pp. 1–2). No Party objects to the report's finding that federal question jurisdiction does not exist in the instant case. The Court therefore adopts such finding and considers herein only the existence of diversity jurisdiction.

*No Diversity of Citizenship Jurisdiction*

The report found that because Defendant Charboneau is a citizen of the forum state diversity jurisdiction was not a proper basis for removal (Dkt. #29 at pp. 3–4). Defendant Charboneau asserts the Magistrate Judge erred, and that diversity does exist for two reasons: (1) the location of Plaintiff's principal place of business and resulting citizenship is New York, and (2) Defendant Charboneau's citizenship should be disregarded in conducting the diversity

analysis because she was fraudulently joined to Plaintiff's suit (or is otherwise a sham defendant). (Dkt. #39 at pp. 19–20).

Under the colloquial "Forum Defendant Rule," it is well understood that a defendant who is a citizen of the forum state may not remove a state court action to federal court on diversity grounds. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005) ("Defendants may remove an action on the basis of diversity of citizenship if there is complete diversity … and no defendant is a citizen of the forum State."); *Sun River Energy, Inc. v. Mirador Consulting Inc.*, No. 3:11-CV-1132-K, 2011 WL 3703229, at *8 (N.D. Tex. Aug, 19, 2011); see also 28 U.S.C. 1441(b). It is undisputed that Defendant Charboneau is a citizen of Texas (Dkt. #29 at p. 3). *See Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555–56 (5th Cir. 1985) (A natural person is considered a citizen of the state where that person is domiciled, that is, where the person has a fixed residence with the intent to remain there indefinitely.). Indeed, Defendant Charboneau herself has pleaded that she is Texas resident (Dkt. #1 at p. 3). As a citizen of the state in which this Court sits, Defendant Charboneau is precluded from removing the instant case from the state court where it was filed. Defendant Charboneau further provides no factual support that she has been fraudulently joined. Additionally, Defendant Charboneau has failed to prove the citizenship of Plaintiff—a limited partnership. For diversity purposes, a limited partnership's principal place of business is not relevant and has no bearing on the citizenship of the partnership or its individual members. *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96 (1990). The Court does not have subject matter jurisdiction. Defendant Charboneau's Objections are overruled.

analysis because she was fraudulently joined to Plaintiff's suit (or is otherwise a sham defendant). (Dkt. #39 at pp. 19–20).

Under the colloquial "Forum Defendant Rule," it is well understood that a defendant who is a citizen of the forum state may not remove a state court action to federal court on diversity grounds. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005) ("Defendants may remove an action on the basis of diversity of citizenship if there is complete diversity … and no defendant is a citizen of the forum State."); *Sun River Energy, Inc. v. Mirador Consulting Inc.*, No. 3:11-CV-1132-K, 2011 WL 3703229, at *8 (N.D. Tex. Aug, 19, 2011); see also 28 U.S.C. 1441(b). It is undisputed that Defendant Charboneau is a citizen of Texas (Dkt. #29 at p. 3). *See Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555–56 (5th Cir. 1985) (A natural person is considered a citizen of the state where that person is domiciled, that is, where the person has a fixed residence with the intent to remain there indefinitely.). Indeed, Defendant Charboneau herself has pleaded that she is Texas resident (Dkt. #1 at p. 3). As a citizen of the state in which this Court sits, Defendant Charboneau is precluded from removing the instant case from the state court where it was filed. Defendant Charboneau further provides no factual support that she has been fraudulently joined. Additionally, Defendant Charboneau has failed to prove the citizenship of Plaintiff—a limited partnership. For diversity purposes, a limited partnership's principal place of business is not relevant and has no bearing on the citizenship of the partnership or its individual members. *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96 (1990). The Court does not have subject matter jurisdiction. Defendant Charboneau's Objections are overruled.

## CONCLUSION

Having considered Defendant Charboneau's Motion to Strike (Dkt. #33) and construed Objections (Dkts. #35; #39), the Court adopts the Magistrate Judge's report (Dkt. #29) as the findings and conclusions of the Court.

It is **ORDERED** that Defendant Charboneau's Motion to Strike (Dkt. #33) is **DENIED**.

It is further **ORDERED** that Plaintiff MTGLQ Investors, LP's Motion to Remand (Dkt. #21) is **GRANTED,** and that the above-captioned case is hereby **REMANDED** to the 416th Judicial District Court, Collin County, Texas for further proceedings.

**IT IS SO ORDERED**.

**SIGNED this 4th day of November, 2019.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE